### NECESSARY PARTIES IN ACTION FOR PARTITION.

Circuit Court of Licking County.

CHARLES RICHARDS v. GEORGE RICHARDS. ET AL. *

Decided, October Term, 1912.

*Partition—Husbands and Wives of Tenants in Common—Necessary Parties in an Action to Apart the Lands—Division of the Fee Awarded to Counsel—Dower.*

The husband and wives of co-tenants have an inchoate contingent right of dower in the respective shares so held in common, and in an action to apart the lands it is necessary, in order to foreclose their rights, that such husbands and wives be made parties.

*Kibler & Kibler,* for plaintiff in error.
*Fitzgibbon & Montgomery,* contra.

BY THE COURT (VOORHEES, SHIELDS AND POWELL, JJ.)

The plaintiff in error seeks to have the judgment of the court of common pleas, overruling a motion, reviewed.

The action was for the partition of real estate. The plaintiff in the court below did not make the husbands and wives of such co-tenants as were married parties to the proceeding. The defendant, Charles Richards, filed an answer in that proceeding, asking that the husbands and wives of such of the co-tenants as were married should be made parties to the proceeding, which was done, and all of said parties were brought into the case. Partition was had.

The plaintiff in error asked to have the partition fee allowed by law apportioned between the attorneys for the plaintiff and

---

* For contrary holding below, see *Richards* v. *Richards*, 13 N.P.(N.S.), 153.

the attorneys filing the answer for him, upon the theory that the husbands and wives of each of said-co-tenants as were married were not only proper but necessary parties to the partition proceeding, in order to convey to the purchaser of the lands sold in such proceeding a good and perfect title.

The court of common pleas held that they were not such necessary parties, and that, for that reason, the services of the attorneys, in filing the answer and bringing in such parties, were not of any benefit to the co-tenants, and overruled their motion, Thereupon error was prosecuted to such action of the court.

We are of the opinion, upon the authorities cited, that the husbands and wives of co-tenants have an inchoate, contingent right of dower in the respective shares of such co-tenants; that, in order to shut off or foreclose their right in the premises, they ought to be made parties to a partition proceeding to apart the lands belonging to such co-tenants; and that because such husbands and wives were made parties upon the application of the plaintiff in error, such attorneys as were employed by him rendered services which were of benefit to all of such co-tenants.

We think the court erred in holding otherwise. If such services were for the benefit of all of such parties, the attorneys rendering them should be awarded a part of the fee allowed in such partition suit, according to the benefits of the services rendered.

This was so held by the first circuit in the Appendix to Volume 19 C. C. Rep., at page 654, in the third subdivision of the opinion by the court.

We also cite, in support of this holding, the case of *Young et al* v. *Stone et al*, in the 55 Ohio State, at page 125, and especially at page 134.

The judgment of the court of common pleas will, therefore, be reversed; and the court coming now to render such judgment as the court below should have rendered, it is ordered and adjudged that a fee of $75, out of counsel fees taxed as heretofore ordered, be allowed to Kibler & Kibler as attorneys for the said plaintiff in error; that the costs of this proceeding in error be paid out of the residue of such sum in the hands of the sheriff, and that the balance be paid to the attorneys for the defendants in error. Exceptions are noted.